**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| CHERYL ROBICHAUX RILEY | CIVIL ACTION NUMBER 18-1123 |
| | JUDGE JUNEAU |
| VERSUS | |
| ROBERT NOVASAD, ET AL. | MAG. JUDGE WHITEHURST |

**ORDER REGARDING MOTION FOR APPOINTMENT OF COUNSEL**

Before the court is a Motion for Appointment of Counsel filed by *pro se* plaintiff, Cheryl Robichaux Riley, on April 16, 2019 [Doc. 16].

The plaintiff seeks appointment of counsel in connection with this employment discrimination suit under Title VII of the Civil Rights Act, which affords courts discretion to appoint counsel. 42 U.S.C. § 2000e-5(f)(1) ("[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant[.])"

A civil rights plaintiff has no absolute right to an appointed counsel. Rather, the decision of whether to provide counsel lies solely within the discretion of the court. *Salmon v. Corpus Christi I.S.D.*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990), *citing Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305 (5th Cir.1977); *Johnson v. City of Port Arthur*, 892 F.Supp. 835, 839 (E.D.Tex.1995).

The Fifth Circuit has set forth three general factors in evaluating applications for appointment of counsel in Title VII cases. *Caston*, 556 F.2d at 1309-10. The factors are: (1) the effort taken by the complainant to obtain counsel on his or her own, (2) the complainant's financial ability to retain counsel, and (3) the merits of the complainant's claims of discrimination. *See also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir.1984). The first factor requires a determination regarding plaintiff's efforts to obtain counsel. The plaintiff has attached to her motion a list of twelve attorneys she has contacted to take her case; all of these attorneys either did not respond to her request or stated specific reasons for why they could not represent her. Consequently, this factor has been satisfied.

The second factor relates to the plaintiff's Application to Proceed in Forma Pauperis. The Court granted the plaintiff's motion for in forma pauperis status [Doc. 4], therefore, the second factor has been satisfied.

Finally, with respect to the merits of plaintiff's claim, the court must consider the determination of the EEOC. While an unfavorable determination must be considered, it cannot be given preclusive effect. An adverse EEOC determination may "weigh heavily in the scales against appointing an attorney "only when the court finds "the EEOC determination is supported by substantial evidence in the investigative file and that the plaintiff's objections thereto are patently frivolous."

*Caston*, 556 F.2d at 1309; *see also Neal*, 722 F.2d at 250. The attachments to plaintiff's complaint indicate that claimant filed Charge No. 461-2017-00798 in March, 2017. On May 30, 2018, the EEOC indicated that it was closing its file because "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." In *Neal*, the Fifth Circuit, in reviewing the magistrate's denial of a request for an attorney, remanded the case, stating that "[t]he Magistrate in this case did nothing more than review the allegations in the complaint." *Neal* at 249. Because very little information is contained in the Complaint and the attached EEOC documents in this matter, I find there is insufficient information in the record at this time to make an evaluation of plaintiff's claim.

The Fifth Circuit has acknowledged the propriety of a magistrate judge's review of the EEOC investigative file for the purpose of evaluating the merit of a Title VII claim. *Neal*, 722 F.2d at 250. In the instant case, the EEOC's file is not in the record; thus, I will order the EEOC to file a copy of their investigative file of the plaintiff's claims in this matter.

**IT IS THEREFORE ORDERED** that the EEOC shall file a copy of its investigative file, including any computer-generated notes, regarding Cheryl Robichaux Riley, Charge No. 461-2017-00798, into the record by May 10, 2019.

Any documents as to which the EEOC asserts the deliberative information privilege shall be produced directly to the chambers of the undersigned for *in camera* inspection.

**IT IS FURTHER ORDERED** that, upon receipt of the EEOC file, the Clerk of Court shall mail a copy of the file to plaintiff. Plaintiff's response is due ten days from her receipt of the EEOC file.

**IT IS FURTHER ORDERED** that the Clerk shall send a copy of this Order to the EEOC, New Orleans Field Office, 1555 Poydras Street, Suite 1900, New Orleans, LA 70112.

THUS DONE AND SIGNED in chambers at Lafayette, Louisiana, this 26th day of April, 2019.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE