## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| CHERYL ROBICUAHX RILEY | CIVIL ACTION NO. 6:18-CV-1123 |
| VERUS | JUDGE JUNEAU |
| ROBERT NOVASAD, ET AL. | MAGISTRATE JUDGE WHITEHURST |

### REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is the Motion to Dismiss [Doc. 41] filed by defendants Robert Novasad and Jettison Christopher (collectively, "defendants"). The plaintiff opposes the motion [Doc. 50]. For the following reasons, it is RECOMMENDED that the Motion to Dismiss be GRANTED, and that the claims against Novasad and Christopher be DENIED AND DISMISSED WITH PREJUDICE.

### I. FACTUAL BACKGROUND

The instant lawsuit arises out of an employment relationship. Riley was the former Midday On-Air Personality and Assistant Production Director with 94.5 KSMB, a radio station in Lafayette, Louisiana. Novosad was the Program Director/Brand Manager, as well as Riley's supervisor during her last round of employment. Christopher was the Operations Manager for the cluster of radio

1

stations operated by Cumulus in Lafayette, Louisiana, which included radio station KSMB, and was an indirect supervisor of Riley.

Riley alleges a variety of violations of her federal and state employment rights. She alleges that she was subjected to unwanted sexual comments from both Novosad and Christopher. Riley also alleges that she was involved in a child custody lawsuit against her former husband, Carl Riley, and that she was harassed by his purchasing of radio advertising with the station for his business, Rim Pros. The Rim Pros advertisement would play during Riley's show, which allegedly caused her to become frightened and demoralized. Riley alleges that Christopher conducted personal sales business with Riley's former husband and Rim Pros. Riley also alleges that she was the victim of harassment at her workplace, whereby someone anonymously sent a malicious package to the radio station. According to Riley, Novosad received the package and indicated to Riley that he had disposed of the package and its contents and/or had given it to Wayne Mulling, Cumulus' Marketing Manager. Riley alleges that she did not have the package available to her at a hearing for a Temporary Protection Order that Riley sought against her former husband, to keep him from interfering with her employment. Riley alleges that she met with Detective John Shea with the Lafayette Parish Sheriff Department concerning the package, and that soon after this meeting, Riley met with Christopher and another supervisor, Kevin Wiltz, concerning an unauthorized absence from work.

Christopher informed Riley that she would be receiving a disciplinary warning because she left work early without her supervisor's approval. During that same meeting, Riley informed Christopher that she was recording the meeting. Christopher suspended Riley with pay because of her attempt to record the meeting.

Riley alleges she complained to Cumulus's human resources department concerning Novosad's conflicting testimony about the package and her resulting suspension. After an investigation, Cumulus reprimanded Novosad, Mulling, Wiltz, and Christopher, and took other corrective action. Riley alleges that she was constructively discharged on October 4, 2016; defendants allege that she voluntarily resigned her employment.

The plaintiff filed the instant lawsuit on August 28, 2018, alleging claims for violations of federal and state law, and more specifically, Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, codified at 42 U.S.C. Section 2000e *et seq*., and La. Rev. Stat. 23:301 et. seq., La. Rev. Stat. 51:2256, and La. Rev. Stat. 23:967.[1] Named as defendants are, among others, Novasad and Christopher.

---

[1] Although she originally alleges a claim under the ADEA, the plaintiff did not include that claim in her most recent amended complaint, and the plaintiff acknowledges in her response to the motion to dismiss that that claim is no longer pending. Nevertheless, for the reasons stated in this Report and Recommendation, any claims under the ADEA would subject to dismissal for failure to state a claim.

In the instant motion to dismiss, defendants argue that the plaintiff fails to state a claim under either Title VII or Louisiana state employment law, and that her claims are prescribed under both bodies of law. The undersigned will address each argument in turn.

## II. LAW AND ANALYSIS

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir.2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 662 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiffs' claim is true. *Id*. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the

complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim. *Lormand*, 565 F.3d at 255–57. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 & n. 9 (5th Cir.2007), the claim must be dismissed.

### B. Analysis

#### 1. Failure to state a claim under federal and state law

In their motion, defendants argue that in order for Novosad or Christopher to be individually liable to Riley for unlawful discrimination or retaliation under either federal or state law, they must have been Riley's employers, and because they were not, Riley fails to state a claim against them under federal or state anti-discrimination and anti-retaliation statutes. The undersigned agrees. With respect to Riley's federal claims, Title VII actions may only be brought against the "employer" or a supervisor or agent of the employer in his official capacity. *Lewis v. Hardy*, 248 F. App'x 589, 592–93 (5th Cir. 2007), *citing Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir.1998). "[O]ur cases make plain that the term 'employer' does not include a hiring or supervisory official in his personal or individual capacity." *Id*. Additionally, the ADEA "provides no basis for individual liability for supervisory employee." *Coon*

5

*v. Richland Par. Tax Comm'n*, No. CV 18-1035, 2019 WL 2403000, at *7 (W.D. La. June 4, 2019), *citing Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001).

    Riley worked as an on-air radio personality at 94.5 KSMB radio station that is owned by Cumulus Broadcasting, LLC ("Cumulus") and its alleged subsidiary, Radio KSMB, Inc. ("KSMB"). Riley alleges that she was employed by Cumulus and/or KSMB, and she acknowledges that Novosad and Christopher were her supervisors. In the complaint, however, Novosad and Christopher are named as parties in their individual capacities and not their representative capacities. Because they are not alleged to have been her employers, neither Novosad nor Christopher have personal liability under Title VII or the ADEA to Riley. Furthermore, even if Riley had named Novosad and Christopher in their representative capacities, because Cumulus and KSMB have been named as parties, keeping Novosad and Christopher as named parties would be redundant. Considering the foregoing, the plaintiff's Title VII claims against Novasad and Christopher must be dismissed, as the plaintiff fails to state a claim under Title VII against these defendants.

    The plaintiff also alleges state law claims under various state employment statutes, specifically La. Rev. Stat. 51:2256, La. Rev. Stat. 23:967, and La. Rev. Stat. 23:301, *et seq*. A claim under La. Rev. Stat. 51:2256 may be advanced against an "employer as defined in La. R.S. 302." Similarly, a claim for reprisal under La. Rev. Stat. 23:967 may only be made against an "employer" as defined by La. Rev.

Stat. 23:302. *Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 691, n. 2 (W.D. La. 2011) ("Although the whistleblower statute itself does not define employer, district courts within the Fifth Circuit have applied the definition of "employer" provided under Louisiana's Employment Discrimination Law, La. Rev. Stat. §23:302(2), to claims brought under the whistleblower statute, La. Rev. Stat. §23:967."). Thus, for Riley to state a claim against Novosad or Christopher under any of Louisiana's employment statutes, they must qualify as an "employer" as such word is defined by La. R.S. 23:302.

Under La. R.S. 23:302, "employer" is defined as "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee." Here, again, Riley alleges that she was employed by KSMB and/or by Cumulus, which are alleged to be the same entity or are related to one another. Riley does not allege that either Novosad or Christopher received services in return for giving compensation. Thus, neither Novosad nor Christopher are alleged to have been Riley's employer under La. Rev. Stat. 23:302, La. Rev. Stat. 51:2256, or La. Rev. Stat. 23:967. *See also Montgomery-Smith v. Louisiana Dep't of Health & Hosps.*, 299 F. Supp. 3d 790, 809 (E.D. La. 2018) ("under Louisiana Revised Statutes section 51:2256, co-employees, officers and directors of the employer are not subject to liability because they are not considered

"employers" under the statute."). Consequently, Novasad and Christopher are not Riley's "employers" as that term is defined under La. Rev. Stat. 23:301, et seq., La. Rev. Stat. 51:2256, or La. Rev. Stat. 23:967, and her state law claims against these defendants must be dismissed for failure to state a claim.

### 2. Prescription

With respect to the plaintiffs' claims alleged under federal law, Title VII requires that a charge be filed with the EEOC against those who committed the allegedly unlawful conduct, and in Louisiana such charge must be filed within 300 days of the unlawful act. 42 U.S.C. §2000e–5(e); 29 U.S.C. §626; *Nowlin v. Resolution Tr. Corp.,* 33 F.3d 498, 503 (5th Cir. 1994); *Kern v. Ingevity Corp.*, 2017 WL 4679460, at *3 (W.D. La. Oct. 16, 2017). An EEOC filing "must have the name of the charged party, an allegation, and a request for remedial action" in order for it be properly made. *Kern*, 2017 WL 4679460, at *3. In the instant case, Riley filed a charge with the EEOC against Cumulus Media on February 24, 2017, and she alleges she filed her LCHR claim on August 11, 2017. She argues that she received her EEOC Notice of Right to Sue letter on May 30th, 2018, and she timely filed her original Complaint on August 28th, 2018. The documents attached to the pleadings, however, show that the plaintiff did not file a charge with the EEOC against either Novasad or Christopher. Thus, even if such individual defendants were Riley's "employer" for purposes of Title VII or the ADEA, which it has been established

8

that they are not, Riley failed to exhaust her administrative remedies against Novosad and Christopher. Riley's employment was terminated on October 4, 2016 – either by way of resignation or constructive discharge -- and she failed to file her EEOC charge against Novasad and Christopher within 300 days of the alleged unlawful act. Considering the foregoing, Riley is prohibited from filing a charge with the EEOC against either Novosad or Christopher, and she can no longer advance claims against Novosad or Christopher under Title VII in this Court.

With respect to her state law claims, claims under La. R.S. 23:301, *et seq.,* and La. R.S. 51:2256 arise under Louisiana tort law and have a one-year liberative prescriptive period that can be suspended for a maximum period of six months while the claim is pending with the EEOC. *See* La. Rev. Stat. 23:303; *Williams v. Otis Elevator Co.,* 557 F. App'x 299, 302 (5th Cir. 2014); *Ross v. Ceballos*, 2015 WL 4068045, at *3 (W.D. La. July 2, 2015). As for claims under La. R.S. 23:967, the Louisiana whistleblower statute, there is no statute-specific prescriptive period, but Louisiana courts typically apply the general one-year statute of limitations to these claims. There is no comparable six-month tolling provision in the event of an administrative investigation. *See, e.g., Williams*, 557. F. App'x at 302, *citing Nolan v. Jefferson Parish Hosp. Serv. Dist. No. 2,* (790 SO.2d 725, 733 (La. App. 5th Cir. 6/27/01). Plaintiff's claims under La. Rev. Stat. 23:301, *et seq.,* La. Rev. Stat. 51:2256, and La. Rev. Stat. 23:967 accrued when she either resigned her

employment with Cumulus or was constructively discharged, which was on October 4, 2016. Under Louisiana law, the latest that the plaintiff could have filed her state law claims was April 4, 2018, *i.e.* eighteen months after her resignation or discharge. Because Riley did not file her original complaint until August 28, 2018, her state law claims are prescribed.

## CONCLUSION

Considering the foregoing,

**IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 41] filed by defendants Robert Novasad and Jettison Christopher be GRANTED, and that the claims against Novasad and Christopher be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized

by Fed. R. Civ. P 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** this 12th day of May, 2020 at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE